# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ALEXANDER BECK, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

SAVORY SANDWICHES, INC.,

        Defendant.
_____

## COLLECTIVE ACTION COMPLAINT
_____

Plaintiff ALEXANDER BECK, individually and on behalf of all others similarly situated, by his attorneys, The Law Offices of Brian D. Gonzales, PLLC and Werman Salas P.C. upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.    This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C § 201, *et seq.,* ("FLSA"), the Colorado Wage Claim Act, C.R.S.A. § 8-4-101, *et seq.* ("Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S.A. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order ("Minimum Wage Act"), for Plaintiff and other current and former Assistant Managers or Assistant Store Managers (collectively, "ASMs"), who worked more than 40 hours in any workweek and/or 12 hours in any day at any Jimmy John's store owned by

1

Franchisee Savory Sandwiches, Inc. ("Franchisee") in the United States between April 21, 2014, and approximately January 1, 2017 who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## THE PARTIES

2. Plaintiff Alexander Beck ("Plaintiff") is a resident of Wheat Ridge, Colorado.

3. Defendant SAVORY SANDWICHES, INC., ("Defendant") is a Colorado company whose principal office is located at 7354 S. Alton Way, Suite 101, Centennial, Colorado, 80112-2367.

4. Defendant owns and operates Jimmy John's franchised locations under one or more franchise agreements with Jimmy John's Franchise, LLC.

5. Plaintiff worked for Defendant as an ASM from approximately 2015 through March 2017.

6. Plaintiff worked for Defendant at stores located in Denver, Lakewood, and Arvada, Colorado.

7. Plaintiff is a covered employee under the FLSA, Wage Claim and Minimum Wage Acts.

8. Defendant was Plaintiff's employer under the FLSA, Wage Claim and Minimum Wage Acts.

## JURISDICTION & VENUE

9. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper in this district because Defendant conducts business in

this district and a substantial part of the events giving rise to the claims occurred in this district.

11.     Defendant is subject to personal jurisdiction in this district.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

12.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as ASMs at any time between April 24, 2014 and approximately January 1, 2017 (the "Collective Action Period") (collectively, the "Collective Action Members").

13.     Defendant is liable under the FLSA, Wage Claim and Minimum Wage Acts for, *inter alia*, failing to properly compensate Plaintiff and other ASMs.

14.     There are many similarly-situated current and former ASMs who Defendant has underpaid in violation of the FLSA, Wage Claim, and Minimum Wage Acts and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

15.     The similarly situated employees are known to Defendant, are readily-identifiable and can be located through Defendant's records.

## **STATEMENT OF FACTS**

16.     During the Collective Action Period, Defendant employed Plaintiff and the Collective Action Members as ASMs.

17.     Defendant maintained control, oversight, and discretion over the operation of all its restaurants, including its employment practices with respect to ASMs.

18.     Plaintiff's and the ASMs' work was performed in the normal course of

Defendant's business and was integrated into it.

19. Consistent with the Defendant's policy, pattern and/or practice, Plaintiff and ASMs regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA, Wage Claim and Minimum Wage Acts. Plaintiff worked an average of 50 hours per workweek.

20. All of the work that Plaintiff and the ASMs performed was assigned by Defendant, and/or Defendant was aware of all of the work that they performed.

21. The work that Plaintiff and the ASMs performed as part of their primary duty required little skill and no capital investment.

22. The work that Plaintiff and the ASMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment or discretion.

23. Regardless of the store where Plaintiff and the ASMs worked for Defendant, their primary job duties included:

   a. preparing food;
   b. helping customers;
   c. working the cash register;
   d. cleaning the restaurant;
   e. checking to make sure that supplies were properly shelved; and
   f. checking inventory.

24. Regardless of the store where Plaintiff and the ASMs worked for Defendant, their primary job duties did not include:

   a. hiring employees without the input of the General Manager;
   b. scheduling;
   c. supervising and delegating; or
   d. exercising meaningful independent judgment and discretion.

25. ASMs' primary duties involved manual labor. The performance of manual

4

labor duties occupied the majority of Plaintiff and other ASMs' working hours.

26. Prior to approximately January 2017, and pursuant to a centralized, company-wide policy, pattern, and/or practice, Defendant classified all ASMs as exempt from coverage under the overtime provisions of the FLSA and Minimum Wage Act.

27. Upon information and belief, in January 2017 Defendant reclassified all ASM positions as non-exempt from the overtime provisions of the FLSA and Minimum Wage Act. After the reclassification, the job duties that Plaintiff and other ASMs performed for Defendant did not change.

28. Upon information and belief, Defendant did not perform a person-by-person analysis of the ASMs' job duties when making the decision to classify them as exempt from the overtime provisions of the FLSA and Minimum Wage Act, or when making the decision to reclassify all ASMs as non-exempt in January 2017.

29. Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA, Wage Claim and Minimum Wage Acts. Defendant knew that ASMs were not performing activities that complied with any FLSA or Minimum Wage Act exemption and, inasmuch as Defendant's close affiliation with substantial corporate entities made it aware of its obligations under the FLSA, Wage Claim and Minimum Wage Acts, it acted willfully or recklessly in failing to classify Plaintiff and other ASMs as non-exempt employees during the Collective Action Period.

30. Defendant was aware or should have been aware, through its

management-level employees, that ASMs were primarily performing non-exempt duties. Defendant knew or recklessly disregarded the fact that the FLSA and Minimum Wage Act required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek and/or 12 hours per day.

31. Accordingly, Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of failing to pay ASMs overtime wages at one and one-half times their regular rates of pay when they worked in excess of 40 hours per workweek and/or 12 hours per day.

32. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA, Wage Claim and Minimum Wage Acts with respect to ASMs. This policy and pattern or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff and the Collective Action Members as overtime exempt; and

    b. willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week and/or 12 hours per day.

33. Defendant's willful violations of the FLSA, Wage Claim and Minimum Wage Acts are further demonstrated by the fact that during the course of the Collective Action Period, Defendant failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members.

34. Defendant acted recklessly or in willful disregard of the FLSA, Wage Claim and Minimum Wage Acts by instituting a policy and/or practice that did not allow Plaintiff and the Collective Action Members to record all hours worked.

**FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff ALEXANDER BECK and the FLSA Collective**

35. Plaintiff incorporates by reference all of the above paragraphs.

36. At all relevant times, Defendant was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ each of the Collective Action Members, within the meaning of the FLSA.

38. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

39. Plaintiff's consent to be a party to this action, pursuant to 29 U.S.C. § 216(b), is attached hereto as Exhibit A.

40. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

41. During the Collective Action Period, Defendant had a policy and practice of refusing to pay overtime compensation to its ASMs and similarly-situated employees in comparable positions for hours worked in excess of 40 hours per workweek.

42. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and

7

one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

43. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

44. Due to Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members was manual labor and included other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendant's policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

45. As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

46. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**Colorado Wage Claim Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff ALEXANDER BECK and the FLSA Collective**

47. Plaintiff incorporates by reference all of the above paragraphs.

48. At all relevant times, Defendant was an "employer" within the meaning of the Colorado Wage Claim Act.

49. At all relevant times, Defendant has employed "employees", including Plaintiff and Collective Action Members, within the meaning of the Wage Claim Act.

50. Plaintiff was an employee of Defendant within the meaning of the Wage Claim Act.

51. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the FLSA, Wage Claim Act, and Minimum Wage Act, thereby violating the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

52. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on his own behalf and on behalf of all Collective Action Members in an amount sufficient to provide compensation for all overtime hours worked. This demand for payment is continuing and is made on behalf of any current ASMs employed by Defendant who were paid on a salary basis during the Collective Action Period and whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed addresses.

## THIRD CAUSE OF ACTION
### Colorado Minimum Wage Act – Unpaid Overtime Wages
### On Behalf of Plaintiff ALEXANDER BECK and the FLSA Collective

53. Plaintiff incorporates by reference all of the above paragraphs.

54. At all relevant times, Defendant has been an "employer" within the meaning of the Colorado Minimum Wage Act.

55. At all relevant times, Defendant employed "employees", including Plaintiff and Collective Action Members, within the meaning of the Minimum Wage Act.

56. Plaintiff was an employee of Defendant within the meaning of the Minimum Wage Act.

57. As a result of the foregoing conduct, as alleged, Defendant has violated the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

58. As a result, Plaintiff and Collective Action Members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks the following relief on behalf of himself and all other similarly-situated employees:

A. Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. An award of unpaid wages for all hours worked in excess of 40 in a

workweek or 12 in a day at a rate of time and one-half of the regular rate of pay due under the FLSA and Minimum Wage Act;

C. Equitable tolling of the statute of limitations as a result of Defendant's failure to post requisite notices under the FLSA and state law;

D. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

E. An award of statutory penalties under the Wage Claim Act;

F. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and expenses of this action together with reasonable attorney's fees and expert fees and an award of a service payment to the Plaintiff; and

I. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 24, 2017

Respectfully submitted,

/s/ Brian D. Gonzales
Brian D. Gonzales
**THE LAW OFFICES OF BRIAN D. GONZALES, PLLC**
242 Linden Street
Fort Collins, CO 80524
Telephone: (970) 214-0562
Email: BGonzales@ColoradoWageLaw.com

**WERMAN SALAS P.C.**
Douglas M. Werman (to seek *pro hac vice* admission)
77 West Washington Street
Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Email: dwerman@flsalaw.com

*Attorneys for Plaintiff and the Putative Collective*