**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-01009-RBJ

ALEXANDER BECK,

on behalf of himself and all others similarly situated,

    Plaintiff,

v.

SAVORY SANDWICHES, INC,

    Defendants.

---

**MOTION FOR RECONSIDERATION RE: ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS**

---

Defendant Savory Sandwiches, Inc. ("Savory") moves this Court to reconsider its Order Granting Joint Motion to Stay Proceedings (#013) (Order). Savory requests the opportunity to brief the issue of whether the statute of limitations should be equitably tolled as to the potential opt-in plaintiffs in this action.

**D.C.COLO.LCivR 7.1 (a) Certificate of Conferral:** On June 15, 2017, counsel for Savory, Kaitlin Fox Hinkle, conferred with counsel for Plaintiff Alexander Beck, Douglas Werman, via email. Mr. Werman indicated that Mr. Beck opposes the relief requested herein.

### I.     INTRODUCTION

Current and former Jimmy John's assistant store managers (ASMs) have filed parallel Fair Labor Standards Act (FLSA) collective action lawsuits in which they allege, generally, that they were misclassified as exempt employees and are entitled to overtime compensation. Named

plaintiffs first filed a lawsuit against the franchisor (National Lawsuit).[1] Jimmy John's franchisees, including Savory, are not parties to that lawsuit. In early 2017, pursuant to a subpoena issued in that case, Savory provided names and addresses of its current and former ASMs. Through the FLSA conditional certification process, those ASMs received notice and the opportunity to opt in to the National Lawsuit. In fact, eight of Savory's current or former employees did opt in. In March 2017, the court in the National Lawsuit granted Jimmy John's motion for an anti-suit injunction, which has been expanded to apply to all opt-in plaintiffs, including Beck, and prevents those individuals from pursuing parallel suits against Jimmy John's franchisees, like Savory (Anti-Suit Injunction).

In this lawsuit, in the parties' Joint Motion to Stay Proceedings (#010) (Motion to Stay), the parties moved for a stay of all proceedings pursuant to the Anti-Suit Injunction. Beck indicated, however, that he planned to file a motion for equitable tolling (which is permitted by an amendment to the Anti-Suit Injunction order in the National Lawsuit) to prevent the statute of limitations from running as to potential opt-in plaintiffs in this lawsuit. The Court granted the parties' Motion to Stay, but decided, *sua sponte* that the statute of limitations should automatically be tolled as to any potential opt-in plaintiffs. Respectfully, that is not the case. Unless plaintiffs move to equitably toll the statute of limitations and satisfy their difficult burden to show extraordinary circumstances would prevent potential opt-in plaintiffs from asserting their rights, the statute of limitations continues to run until an opt-in plaintiff's consent form to join a lawsuit is filed with the court. Savory respectfully requests that the Court void its Order tolling the statute of limitations as to any potential opt-in plaintiffs, permit the parties to brief whether equitable

---

[1] *In re: Jimmy John's Overtime Litigation*, No. 14-cv-5509 (N.D. Ill.).

tolling is warranted under the facts and circumstances of this case, and thereafter decide this issue on its merits.

## II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The parties filed their Motion to Stay on June 7, 2017 (#010) based on an order from the United States District Court for the Northern District of Illinois enjoining opt-in plaintiffs in the National Lawsuit from pursuing separate lawsuits against franchisees involving the same issues (whether ASMs were misclassified). (#532.) On March 28, 2017, the Illinois District Court in the National Lawsuit, modified its original anti-suit injunction order to "allow plaintiffs to seek tolling and other relief in foreign cases." (#504.) As Beck stated in the Motion to Stay, he plans to file a motion pursuant to that order "to toll the statute of limitations on Plaintiff's claims with respect to all of Defendant's current and former employees who are eligible to opt in to this litigation."[2] (¶ 8.) Savory intends to oppose that motion. Savory's current and former ASMs already received notice and the opportunity to opt in to the National Lawsuit, and in fact, eight of Savory's ASM's have done so. Because the statute of limitations was not automatically tolled with respect to potential opt-in plaintiffs when Beck filed this lawsuit, the parties should have the opportunity to brief the issue of whether equitable tolling is appropriate in this case. Savory contends it is not.

## III.     ARGUMENT

Under Federal Rule of Civil Procedure 60(b) a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Here, the Court should provide the parties with the opportunity to brief whether equitable

---

[2] To be clear, conditional certification has not been granted in this litigation. Thus, none of Savory's current or former employees are currently eligible to opt in.

tolling of the statute of limitations as to potential opt-in plaintiffs is appropriate under facts and circumstances of this case because (a) Beck's Complaint (#001) does not automatically toll the statute of limitations for potential putative class members and (b) the legal standard for equitable tolling has not been satisfied.

> a. <u>The Statute of Limitations Does Not Stop Running for Putative Class Members Until Their Consent Forms are Filed With the Court.</u>

The Court's Order implies that the statute of limitations as to all potential opt-in plaintiffs was automatically tolled when Beck filed his Complaint. (#013) (stating "The Court does not know why the statute of limitations with respect to Mr. Beck or the purported collective would continue to run.") To answer the Court's question, the statute of limitations continues to run as to all potential opt-in plaintiffs unless and until those individuals file consent forms to join this lawsuit. Under, 29 U.S.C. § 256(b), "[t]he statute of limitations for an opt-in plaintiff in an FLSA Section 216(b) collective action is not tolled with the commencement of the action. Rather, the statute of limitations continues to run . . . until [an opt-in plaintiff] files a consent to join form with the Court." *Abdulina v. Eberl's Temporary Services, Inc.*, No. 14-cv-00314-RM-NYW, 2015 WL 4624251, *3 (D. Colo. Aug. 3, 2015); *see also Young v. Dollar Tree Stores, Inc*, 1:11-cv-01840-RM-MJW, 2013 WL 5467532, *1 (D.Colo. Sept. 25, 2013) ("An opt-in plaintiff's complaint for relief commences, and the statute of limitations ceases running, on the date when his or her written consent is filed with the court. 29 U.S.C. § 256(b).").

Because the potential opt-in plaintiffs' statute of limitations was not automatically tolled when Beck filed his Complaint, it is necessary to determine whether equitable tolling is appropriate in this case under the proper legal standard. The possibility of equitable tolling is read in to every federal statute. *See U.S. v. $57,960.00 in U.S. Currency,* 58 F.Supp.2d 660, 664 (D.S.C. 1999)

4

(citing *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946)). The trial court must determine whether equitable tolling is warranted under the particular facts and circumstances of each case. *See id.* In this case, the statute of limitations should not be tolled for potential opt-in plaintiffs.

> b. <u>Defendants Should be Given the Opportunity to Oppose Plaintiff's Motion for Equitable Tolling.</u>

Naturally, the parties disagree as to whether equitable tolling is appropriate in this case. (*See* Motion ¶ 8.) Thus, Beck should be permitted to file his motion for equitable tolling, which he admits he must do in the Motion to Stay. (*Id.*) Savory should then have the opportunity to respond and the Court should decide, on the merits, whether equitable tolling is warranted.

Equitable tolling is not automatic. To the contrary, the doctrine "should be invoked sparingly." *Avendano v. Averus, Inc.*, No. 14-CV-01614-CMA-MJW, 2015 WL 1529354, at *9 (D. Colo. Mar. 31, 2015). In denying a plaintiff's motion for equitable tolling in an FLSA case, Judge Blackburn stated the legal standard as follows:

> In civil actions, this court has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and "[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *U.S. v. Clymore*, 245 F.3d 1195, 1199 (10th Cir.2001) (*quoting Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir.1996)). In addition, equitable tolling may be appropriate when the plaintiff demonstrates "extraordinary circumstances" that made it "impossible" for the plaintiff to file a timely lawsuit. *Id.* Tolling is available only "when [a plaintiff] diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000).

*Young v. Dollar Tree Stores, Inc*, No. 11-cv-1840-REB-MJW, 2013 WL 1223613, *2 (D. Colo. March 25, 2013). The Tenth Circuit "has not addressed the circumstances in which the equitable tolling doctrine applies to FLSA claims in particular." *Avendano v. Averus*, 2015 WL 1529354, at

5

*9. But, as Judge Arguello recognized in *Avendano*, "it seems relatively clear . . . that regardless of the standard employed, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.*

In this case, Savory contends that equitable tolling is not appropriate. Importantly, potential opt-in plaintiffs in this lawsuit have not been prevented from asserting their rights. To the contrary, Savory's current and former ASMs have already had the opportunity to opt-in to the National Lawsuit, and eight of them have done so, including Beck. That case involves the same claims against the franchisor – that ASM's were misclassified as exempt employees and are entitled to overtime – as are asserted against Savory (the franchisee) in this litigation. Counsel for Beck in this litigation is also one of many attorneys for plaintiffs in the National Lawsuit. Plaintiffs in that case chose to assert their claims against the franchisor and now seek to pursue those same claims against franchisees, including Savory, in jurisdictions around the country. Under these circumstances, Savory should have the opportunity to oppose Beck's motion for equitable tolling.

## IV.   CONCLUSION

Savory requests that the Court reconsider its *sua sponte* order that "the running of the statute of limitations as to [the purported collective] in this case is stayed pending the lifting of the stay pursuant to developments in" the National Lawsuit. (#013.) The filing of Beck's Complaint does not automatically toll the statute of limitations as to Savory's current or former employees who may later opt in to this lawsuit. Rather, in the absence of an equitable tolling order, the statute of limitation as to opt-in plaintiffs continues to run until the employee's consent to join form is filed with the court. The parties should have the opportunity to brief the issue of whether equitable tolling is appropriate under the facts and circumstances of this case.

| | |
|---|---|
| Dated this 15th day of June, 2017. | Respectfully submitted,<br><br>FISHER & PHILLIPS LLP<br><br>By: s/ *Kaitlin Fox Hinkle*<br>Todd A. Fredrickson<br>Kaitlin Fox Hinkle<br>1801 California Street, Suite 2700<br>Denver, CO 80202<br>Telephone: (303) 218-3650<br>Facsimile: (303) 218-3651<br>tfredrickson@fisherphillips.com<br>kfoxhinkle@fisherphillips.com<br><br>**ATTORNEYS FOR DEFENDANTS** |

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 15th day of June, 2017, a true and correct copy of the foregoing MOTION FOR RECONSIDERATION RE: ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS was served via ECF on the following:

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
242 Lincoln Street
Fort Collins, CO 80524
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Douglas M. Werman
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com

*s/ Kendra Gripp*
Kendra Gripp