IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-01009-RBJ

ALEXANDER BECK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

SAVORY SANDWICHES, INC.,

    Defendant.

---

ORDER on MOTION TO RECONSIDER

---

Alexander Beck claims that the defendant unlawfully failed to pay overtime compensation while he was an assistant manager in three of defendant's franchised Jimmy John's sandwich stores in Colorado. Purporting to represent himself and other assistant store managers, he brings this collective action lawsuit under the Fair Labor Standards Act, the Colorado Wage Claim Act, and the Colorado Minimum Wage Act. ECF No. 1.

Mr. Beck's suit is not the first such case. Already pending when he filed this case was what the parties have characterized as a "national" collective action case, *In re Jimmy John's Overtime Litigation,* No. 14-cv-5509 (N.D. Ill.). On February 17, 2017 the defendants in the national case filed a motion asking the court to enjoin any assistant manager who had opted into that case from continuing with any separate lawsuit against Jimmy John's franchises until certain issues in that case were resolved. The court granted the motion for what has been characterized as an anti-suit injunction on March 9, 2017. On March 28, 2017 the district court modified its

1

order to allow plaintiffs in the "foreign" cases to seek tolling and other relief in their respective cases.

All of this was in place when Mr. Beck, who is an opt-in plaintiff in the national case, filed the present case. The anti-injunction order has been extended to apply to plaintiffs such as Mr. Beck who filed their suits after the injunction was entered. The effect of the injunction is that Mr. Beck cannot at this time move forward with prosecution of this case. An appeal of the injunction order has been filed and apparently is pending in the Seventh Circuit.

On June 7, 2017 the parties to the present case jointly filed a motion asking this Court "to adjourn all existing deadlines and dates, including the scheduling conference set for June 27, 2017." ECF No. 10 at ¶7. The joint motion continued, "Because the statute of limitations on Plaintiff's claims will continue to run during the requested stay, Plaintiff will file a motion pursuant to the March 28, 2017 Order by the court in *In re Jimmy John's Overtime Litigation,* to toll the statute of limitations on Plaintiff's claims with respect to all of Defendant's current and former employees who are eligible to opt in to this litigation. Defendant intends to oppose this motion." *Id.* at ¶8.

The Court granted the motion. However, because I viewed the anticipated tolling motion as an obvious grant, and thus that the filing of a motion, response and reply would be a waste of time and resources, I *sua sponte* stayed the running of the statute of limitations pending the lifting of the anti-suit injunction in Illinois. ECF No. 13. This did not sit well with Savory which has asked the Court to reconsider that portion of its order and to allow it to brief the issue of whether the statute of limitations should be equitably tolled as to potential opt-in plaintiffs in this action. ECF No. 14.

The motion for reconsideration, plaintiff's response, and defendant's reply amount to the very briefing of the issue that the motion seeks. *See* ECF Nos. 14, 15 and 16. It boils down to a simple proposition, succinctly summarized by Judge Blackburn in a case cited by the defendant: "Tolling is available only 'when [a plaintiff] diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Young v. Dollar Tree Stores, Inc.,* No. 11-cv-REB-MJW, 2013 WL 1223613, R *2 (D. Colo. March 25, 2013).[1] *Cf. Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding, in a habeas case, that tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

Here, we have a district court order in the national case that prevents Mr. Beck from seeking conditional certification, notifying other potential plaintiffs of their right to opt in, or otherwise prosecuting the case. That qualifies as an extraordinary circumstance beyond plaintiff's control. Without commenting on the merits of this case, including whether it should or would be certified as a collective action, I find that it would be inequitable to permit the limitations period to continue to run while the hands of the plaintiff are tied. Savory points out that the Illinois order does not preclude assistant store managers other than those who opted into the national case from filing their own lawsuits against Savory. ECF No. 16. That is a choice they have but not necessarily the only choice they would have, absent the Illinois order. The briefs have not dissuaded me of the inequity of defendant's position.

---

[1] Equitable tolling would also be appropriate if the plaintiff has been actively misled or lulled into inaction by the defendant. *Id.* There is no such claim in this case.

## ORDER

Defendant's motion for reconsideration, ECF No. 14, is GRANTED IN PART and DENIED IN PART.  It is granted only to the extent that the Court has reviewed the motion, response and reply to determine whether the substance of the order should be changed.  It is otherwise denied.  The running of the statute of limitations is equitably tolled as against potential opt-in plaintiffs from June 8, 2017 until the anti-suit injunction issued by the United States District Court for the Northern District of Illinois terminates.

DATED this 19th day of September, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge